IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANGEL JOHAN AHEDO SALAZAR,**

    Petitioner,

v.                                                                                       Case No.1:26-cv-00251 WJ-JHR

**GEORGE DEDOS,** Warden,
Cibola County Correctional Center;
**MARISA FLORES,** Acting Director,
Immigration and Customs Enforcement's Enforcement
and Removal Operations, El Paso Field Office;
**TODD LYONS,** Acting Director,
U.S. Immigration and Customs Enforcement,
**KRISTI NOEM,** Secretary,
Department of Homeland Security;
**PAMELA BONDI,** Attorney General; and
**DARREN MARGOLIN,** Executive Office for Immigration Review,

    Respondents.

## ORDER IN AID OF JURISDICTION

THIS MATTER is before the Court upon Petitioner Angel Johan Ahedo Salazar's Petition for Writ of Habeas Corpus ("the Petition").  **[Doc. 1]**.  Petitioner is a Mexican national who has lived in the United States since approximately 2004.  He was brought into this country from Mexico at the age of six months old, having no control or say over the legality of his entry.  He has lived in the St. Paul, Minnesota, area since he was six months old.  Petitioner was arrested in Minnesota without a warrant and subjected to immigration charges, including violation of 8 U.S.C. § 1182(a)(6)(A)(i) for being a noncitizen present in the United States without admission or inspection. Petitioner has been transferred from Minnesota to New Mexico and placed in immigration custody at Cibola County Correctional Center, where he remains detained.  Petitioner asserts that he was detained pursuant to an unlawful DHS policy, in violation of Constitutional

rights.

"This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal." *Reyna-Salgado v. Noem, et al.*, No. 25-3235-JWL, 2025 WL 3562597, at *1 (D. Kan. Dec. 12, 2025) (citing *Demore v. Kim*, 538 U.S. 510, 517–18 (2003)); 28 U.S.C. § 2241(c)(3). Habeas jurisdiction is proper in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Therefore, while this habeas matter is pending, the Court determines that it is necessary and appropriate to exercise its inherent authority to enter an order preserving its jurisdiction. 28 U.S.C. § 1651; *see Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997) (federal courts possess an "inherent power to enter orders necessary or appropriate in aid of [their] jurisdiction") (quoting *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994)). The Court hereby **ORDERS** Respondents not to remove or transfer Petitioner from the District of New Mexico until further order of this Court.

**IT IS SO ORDERED.**

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE